```
                   UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Andrew F. Capoccia,            :
        Plaintiff,             :
                               :
     v.                        :       File No. 1:07-CV-12
                               :
Carole Boone, Court            :
Reporters Associates,          :
        Defendants.            :
```

<u>OPINION AND ORDER</u>
(Papers 6, 10, 11, 12, 19, 21, 22, 30,
35, 37, 38 and 43)

In 2005, plaintiff Andrew Capoccia, an attorney, was convicted by a federal jury on thirteen counts related to a conspiracy to embezzle and misappropriate millions of dollars in client funds.  Capoccia now brings this action, *pro se*, claiming that defendants Carol Boone and Court Reporters Associates fraudulently removed pages from the transcript of his grand jury proceeding.  Capoccia initiated the case in state court, alleging cooperation between the defendants and the federal prosecutorial team.  Capoccia also claimed violations of his constitutional rights.  Consequently, the United States moved to intervene and removed the case to this Court.

Currently pending before the Court are a variety of motions, including the government's motion to intervene, Capoccia's motion for remand, and the defendants' motion to dismiss.  Capoccia has also moved for recusal.  For the

reasons set forth below, Court GRANTS the government's motion to intervene and denies the motion for recusal.  The defendants' motion to dismiss is converted to a motion for summary judgment, and the motion for summary judgment is GRANTED on all claims.

## Background

In April 2005, Capoccia was found guilty of various federal offenses including conspiracy, mail and wire fraud, and money laundering.  Capoccia now claims that the grand jury proceeding in his criminal case was tainted by fraudulent conduct by the defendants.  His initial complaint alleged that prosecutors "solicited and commanded" defendants Carole Boone and her company, Court Reporters Associates, "to remove certain specific instructions given to that grand jury," and that the defendants "agreed to conceal the removal by renumbering the remaining pages . . . ."  (Paper 4 at 3).  As discussed below, the complaint has since been amended to remove specific references to the prosecutorial team.

Capoccia initiated the case in Vermont state court on September 28, 2006.  On October 23, 2006, the defendants filed a motion to dismiss, arguing that the state court had no jurisdiction "to order or obtain" the federal grand jury transcripts in question.  (Paper 6 at 2).  The defendants also

argued that, as transcribers of federal grand jury proceedings, they were entitled to qualified immunity.  Id.

In an entry order dated December 13, 2006, Judge Katz of the Chittenden County Superior Court directed that copies of Capoccia's pleadings be sent to the United States Attorney for the District of Vermont.  In doing so, Judge Katz noted that "the United States may have an interest in the matter" and that "the action touches and concerns the secrecy of . . . grand jury proceedings . . . ."  (Paper 9).  Judge Katz allowed the United States Attorney 30 days "to file such papers as he may wish."  Id.

On January 12, 2007, the United States filed a motion to intervene.  On January 16, 2007, it filed a notice of removal. In support of its motion to intervene, the government argues that it is acting "to protect the integrity of the federal grand jury process, to protect the discovery process framework in federal criminal trials and to defend assertions made by Plaintiff that federal prosecutors engaged in a conspiracy to deprive him of his constitutional rights."

Capoccia has moved to remand the case to state court, arguing that the government was not a party at the time of removal.  (Paper 22).  Capoccia further claims that this Court has no jurisdiction over the case, as there is no diversity of citizenship.  After the government noted that Capoccia's

3

initial complaint claimed constitutional harm and named federal prosecutors as co-conspirators, Capoccia filed an amended complaint removing any reference to federal claims or actors.  In response to the amended complaint, the defendants have filed a motion to dismiss, or in the alternative for summary judgment.  The defendants' motion argues, *inter alia*, that this Court retains jurisdiction over Capoccia's claims and that those claims lack legal merit.  Capoccia has moved to strike all filings by the government, arguing that it is not a party, and has moved for sanctions.  Capoccia has also filed a motion for recusal.

## Discussion

I. <u>Motion for Recusal</u>

The Court will first address Capoccia's motion for recusal.  Capoccia submits his motion under 28 U.S.C. § 455(a), which requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The Second Circuit has concluded that Section 455(a) "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown.  The determination of whether such an appearance has been created is an objective one based on what a reasonable person knowing all the facts would conclude."  <u>Chase Manhattan Bank</u>

v. Affiliated FM Ins. Co., 343 F.3d 120, 127 (2d Cir. 2003) (internal citations omitted).

Cappocia argues that recusal is mandated because the Court has "expressed prejudice to the rights of the plaintiff." For support, he cites rulings and statements by the Court in his criminal proceeding. Specifically, Capoccia cites the Court's refusal to appoint him a new attorney after his criminal trial, and the Court's suggestion that Capoccia himself had contributed to the breakdown in his communications with counsel. Capoccia also claims that the Court wrongfully refused to view his *pro se* filings, denied him a hearing to challenge the seizure of his assets, and granted an unopposed motion for forfeiture. Finally, Capoccia suggests that his sentence was excessive, and claims that the Court inappropriately referred to him as a "thief."

The Supreme Court has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, "[j]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality charge." Id. Here, Capoccia relies solely on Court rulings and comments. Liteky clearly held that such allegations seldom support a recusal motion.

Indeed, the Court finds that its prior rulings and statements, viewed objectively, did not create the appearance of partiality.  The motion for recusal (Paper 35) is, therefore, DENIED.

II.  Motion to Intervene

The Court next turns to the United States' motion to intervene.  The government seeks intervention as of right pursuant to Fed. R. Civ. P. 24(a), or in the alternative, as a matter within the Court's discretion pursuant to Fed. R. Civ. P. 24(b).

> Intervention as of right under Rule 24(a)(2) is granted when all four of the following conditions are met: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.

MasterCard Int'l Inc. v. Visa Int'l Service Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006) (citing United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994)).  As discussed below, the government has satisfied each of these requirements.

First, the government's motion was timely.  "Factors to consider in determining timeliness include: '(a) the length of time the applicant knew or should have known of [its] interest

before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to [the] applicant if the motion is denied; and (d) [the] presence of unusual circumstances militating for or against a finding of timeliness.'" Mastercard Int'l Inc., 471 F.3d at 390 (quoting United States v. New York, 820 F.2d 554, 557 (2d Cir. 1987)). There was no delay in this case, as the government acted within the time frame set forth by Judge Katz.  Because there was no delay, the Court need not consider the question of prejudice to the existing parties.  Furthermore, as explained below, the government would be prejudiced if it were not allowed to intervene.

    Next, it is plain that the government has an interest in the subject of this action.  Potentially at stake is the legitimacy of a federal prosecution.  Also in question is the conduct of federal prosecutors.  Although Capoccia has not named members of the prosecutorial team as defendants, his initial complaint clearly alleged that prosecutors conspired to conceal a portion of the grand jury proceeding.  Discovery related to his amended complaint would undoubtedly pursue similar theories, either directly or indirectly.  Given these concerns, the government is deemed to have an interest that requires intervention.

Third, the government must be allowed to protect both its interest in preserving Capoccia's conviction and in defending the conduct of its prosecutors.  If a finder of fact were reach a conclusion supporting a conspiracy theory, these findings could potentially impact future proceedings involving the federal government.  Therefore, the government must be allowed to participate in the current litigation.

Finally, it is not clear that the government's interests will be adequately represented by the current defendants.  If the named defendants' current motion to dismiss or for summary judgment were unsuccessful, the case could proceed to discovery.  This discovery would, in turn, almost certainly involve a substantive inquiry into the actions of the federal government.  The named defendants would necessarily focus their arguments on their own conduct, and any allegations against the prosecutorial team would go un-defended.  The government's motion to intervene (Paper 10) is, therefore, GRANTED.  Correspondingly, Capoccia's motions to strike the government's filings and for sanctions (Papers 19, 30 and 43), based upon the claim that the United States is not a party, are DENIED.

III.  Motion to Remand

Capoccia claims that this case must be remanded because, at the time of the removal, his complaint consisted only of a

8

common law claim.  A review of the initial complaint, however, reveals a claim that "[d]efendants and the prosecution team agreed to deprive plaintiff of rights guaranteed under the Constitution of the United States in particular, the Fifth and Sixth Amendment."  (Paper 4 at 2).  The complaint also references "the commission of offenses against the laws of the United States."  Id.  These claims gave the Court jurisdiction over Capoccia's complaint at the time of removal.

Capoccia also argues that a remand is warranted because, at the time of removal, the United States was not yet a party. The government asserts that this argument is untimely. Capoccia filed his motion on March 5, 2007, nearly two months after the United States noticed the removal.  Under 28 U.S.C. § 1447(c), a motion to remand based on a defect other than lack of subject matter jurisdiction must be brought within 30 days after the filing of the notice of removal.  Capoccia's argument that removal was brought by a non-party was, therefore, untimely.

Even assuming a timely motion, however, removal was proper.  The United States moved to intervene in state court, and subsequently removed this action before its motion was granted.  Courts have held that the 30-day period for removing a case may begin when the intervention motion is filed in state court, thus implying that the motion need not be granted

9

in state court prior to removal.  See, e.g., General Ins. Co. of America v. Tilcon New York, Inc., 1996 WL 389265, at *1 (S.D.N.Y. July 11, 1996).  It has also been held that when the federal government is a proper party-in-interest, and the federal court has subject matter jurisdiction, the government may remove without filing an intervention motion.  See Farina v. Mission Investment Trust, 615 F.2d 1068, 1075 (5th Cir. 1980).  Consequently, the United States was allowed to remove this case prior to a ruling on its motion to intervene, and the motion to remand (Paper 22) is DENIED.

IV.  Defendants' Dispositive Motion

    A.  Jurisdiction

Defendants Carol Boone and Court Reporters Associates have moved to dismiss Capoccia's amended complaint, arguing that Boone (1) did not conceal her actions and (2) had no duty to Capoccia.  As discussed above, Capoccia's initial complaint raised issues of federal law, and included allegations against federal prosecutors and investigators.  In his amended complaint, Capoccia has removed specific references to either federal actors or federal law, instead claiming violations of his "rights and interests" through the named defendants' "intentional, willful, and fraudulent conduct."  (Paper 33 at 3).

The defendants have construed the amended complaint as "purporting to fashion a common law fraud claim."  (Paper 38-1).  The Court agrees that, given the procedural history of this case, Capoccia appears to be abandoning any federal law claims and, instead, states his claims solely in terms of common law violations.  Consequently, the Court must determine whether it retains subject matter jurisdiction over those claims.

Once a court has subject matter jurisdiction in a case, the court may hear state-related claims even if the federal claims are later dismissed.  See, e.g., United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd, 210 F.3d 1207, 1222 (10th Cir. 2000).  This principle applies with equal force to cases that were removed to federal court.  See Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 1616 (4th Cir. 2001).  Accordingly, when the federal claims or federal defendants are dropped from the case, "the district court still [has] the power under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the other claims." Mizuna, Ltd. v. Crossland Fed. Sav. Bank, 90 F.3d 650, 657 (2d Cir. 1996).  When deciding whether to retain supplemental jurisdiction over state law claims, a district court should consider judicial economy, convenience, fairness and comity. See Mauro v. Southern New England Telecomm., Inc., 208 F.3d

11

384, 388 (2d Cir. 2000) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). Also, supplemental jurisdiction is appropriate where the case "merely applies recently settled [state law] and does not involve novel legal questions." Raucci v. Town of Rotterdam, 902 F.2d 1050, 1055 (2d Cir. 1990).

Here, the state court has reviewed Capoccia's claims, and has invited federal participation in the case. The procedural history of the case, even at this early stage, is complex, and remand to state court would only increase that complexity. Moreover, this case involves uniquely federal interests, as a finding of either fraud or conspiracy related to the grand jury proceeding might impact Capoccia's federal conviction. Accordingly, this is the rare case in which the interests of comity weigh in favor of federal jurisdiction, notwithstanding the fact that the Court will be considering claims brought under state law. Finally, there is no indication that the Court's determinations will involve "novel legal questions" under Vermont law. For these reasons, the Court will retain supplemental jurisdiction over Capoccia's amended complaint.

B.  Motion for Summary Judgment

The defendants move to dismiss, or in the alternative for summary judgment. Because the Court finds it necessary to consider materials outside the pleadings, the Court will

consider the defendants' motion as one for summary judgment. See Fed. R. Civ. P. 12(b).  In support of their motion, the defendants have filed a statement of undisputed material facts (Paper 26-1), and have sent Capoccia the required notice to a *pro se* litigant facing summary judgment (Paper 39).  Capoccia has, therefore, been placed on notice of the possibility for conversion to summary judgment, and has had a reasonable opportunity to respond to the defendants' factual claims.  Review of the defendants' motion as a motion for summary judgment is therefore appropriate.  See In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985).

In his amended complaint, Capoccia alleges that Boone and her company transcribed his grand jury proceeding on July 1, 2002.  On March 26, 2004, the defendants allegedly "undertook to tamper with the federal grand jury minutes" by removing statements relating to "the use and spending of unearned payments by a law firm in the practice of law.  The statements removed were those designed to and which did in fact influence and induce the grand jury to indict plaintiff."  (Paper 33 at 2-3).  Capoccia further alleges that the defendants tried to conceal the removal of these statements by renumbering the transcript pages and altering the certification of the original court reporter.  Id. at 2.  "By reason of the above, plaintiff suffered incalculable damages and continues to this

day to suffer damages occassioned [sic] and brought on by the intentional, willful, and fraudulent conduct of defendants." Id. at 3.

The defendants have provided statements from both Boone and from the lead prosecutor, Assistant U.S. Attorney Gregory Waples. Boone explains that when the request was made for a transcript of witness testimony from the grand jury proceeding, the court reporter "mistakenly included approximately two pages of colloquy that took place after [a witness] completed his testimony and left the room." (Paper 28-1 at 2). Waples informed Boone of the error in March 2004. On March 26, 2004, Boone prepared and signed a certificate stating that she had "retyped page 58 of the Grand Jury testimony of DANIEL RACHEK to remove the minutes that followed his testimony from the transcript of the case." Boone also certified that she had renumbered the certificate page signed by the original reporter.

The declaration of AUSA Waples corroborates Boone's statements. (Paper 27-1). Waples further explains that grand jury transcripts generally include only witness testimony because (1) "defendants are not entitled to discovery of colloquy or legal instructions," and (2) "it is expensive to transcribe all grand jury proceedings since the reporters are paid on a per-transcript-page basis." Id. at 1. Waples also

notes that prior to trial, Capoccia's attorney moved for disclosure of the material that Boone had redacted, but subsequently withdrew the motion. Id. at 2. The Waples and Boone declarations have not been disputed.

The defendants argue that, given the undisputed facts, Capoccia cannot establish a claim of fraud. Capoccia claims that the defendants acted fraudulently by altering the transcript and by taking affirmative steps to conceal their conduct. Under Vermont law, fraudulent concealment "involves concealment of facts by one with knowledge . . . and a duty to disclose, coupled with an intention to mislead or defraud." Silva v. Stevens, 156 Vt. 94, 103 (1991). "[I]n order to establish a claim for fraud, a plaintiff must meet a higher burden of proof: that of clear and convincing evidence." Fuller v. Banknorth Mortgage Co., 173 Vt. 488, 490 (2001) (citing Hughes v. Holt, 140 Vt. 38, 41 (1981)).

The defendants contend that there was no concealment of facts, and that they owed no duty to Capoccia. The undisputed facts support the defendants' position as to concealment, as Boone plainly states in her certification that a portion of the transcript was removed and pages renumbered. Moreover, under Fed. R. Crim. P. 6(e)(2)(B), a court reporter is generally barred from revealing matters that occur before the

grand jury.  Accordingly, the record does not support findings of either concealment or intent to mislead or defraud.

The undisputed facts also show that Capoccia cannot establish a duty to disclose.  The defendants were retained by the government, and were generally barred by Rule 6(e)(2)(B) from disclosing any portion of the grand jury proceeding.  To the extent that there was a duty to disclose the fact, and not the substance, of the alteration, this duty was fulfilled by Boone's certification.  The Court therefore finds that Capoccia cannot establish a claim of fraudulent concealment against the defendants, and GRANTS the motion for summary judgment.  Boone's motion to dismiss the initial complaint, originally filed in state court, is DENIED as moot.

## Conclusion

For the reasons set forth above, the motion by the United States to intervene (Paper 10) is GRANTED.  The defendants' motion to dismiss (Paper 38), construed as a motion for summary judgment, is also GRANTED.  The defendants' motion to dismiss the initial complaint (Paper 6) and the government's motion for judgment (Paper 11) are DENIED as moot.[1]  The

---

[1] The government's motion for judgment argued that Capoccia's claims of prosecutorial misconduct were barred by collateral estoppel.  The motion was brought in reference to Capoccia's initial complaint.  As the amended complaint does not specifically reference the prosecutors or their actions, there is no need to apply collateral estoppel. With the dismissal of the common law fraud claim, the sole legal claim

plaintiff's motion for substituted means of discovery (Paper 12) is also DENIED as moot.  The plaintiff's motions to strike and for sanctions (Papers 19, 30 and 43), his motion for remand (Paper 22), and his motion for recusal (Paper 35) are DENIED.  Finally, the defendants' motions to withdraw as counsel (Paper 21) and for extension of time (Paper 37) are GRANTED.  This case is DISMISSED.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 5th day of June, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge

---

in the amended complaint, all parties are necessarily dismissed.